## J. A. Svenson, Defendant in Error, v. George C. Stamm et al., Plaintiffs in Error.

### Gen. No. 20,798.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. Fred C. Hill, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Reversed and remanded. Opinion filed December 21, 1915.

## Statement of the Case.

Action by J. A. Svenson, plaintiff, against George C. Stamm, Henry Stafford and Nils A. Sundholm, defendants, in the Municipal Court of Chicago, to enforce a mechanic's lien on a contract for building stairs in a building. To reverse a judgment for plain-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

tiff for $550 against defendants jointly, defendants prosecute this writ of error.

In his statement of claim plaintiff alleged that his claim was for $550, and was "for balance owing on fifteen (15) flights of main stairs placed in building at No. 912-932 Airdrie Place, Chicago." An authorized agent of the four original defendants filed an affidavit of merits in their behalf in which it was denied that any balance on said stairs was due to plaintiff from them or any one of them. On May 27, 1914, on motion of plaintiff, the court ordered that all records, papers and proceedings be amended by making "Carl A. Rydquist and Nils A. Sundholm, doing business as Rydquist & Sundholm, co-defendants herein." Subsequently both Rydquist and Sundholm were duly served with process and each entered a separate appearance. Rydquist filed an affidavit of merits in which he denied owing any sum of money to plaintiff, and alleged that he had never purchased any stairs from plaintiff; that he had not been a partner with Sundholm since some time in May, 1913, and that plaintiff had had notice that he was not a partner with Sundholm when he (plaintiff) sold the stairs in question to Sundholm. On June 15, 1914, Sundholm was defaulted for failure to file an affidavit of merits. At the commencement of the trial, July 1, 1914, which was before the court without a jury, plaintiff voluntarily dismissed the suit as to defendant Rydquist; and during the trial the court dismissed the suit as to the defendants Edith M. Stamm and May Stafford.

At the conclusion of all the evidence, the defendants George C. Stamm and Henry Stafford moved that the court dismiss the suit as to them, which motion the court overruled and said defendants excepted.

The evidence disclosed, in substance, the following facts: The premises and building at Nos. 912-932 Airdrie Place, Chicago, were in May, 1913, owned by the four defendants, George C. Stamm and Henry Stafford

and their respective wives, and they continued to be the owners up to the time of the trial. The defendants George C. Stamm and Henry Stafford were partners, and they entered into a contract for the erection of a building upon said premises with the Rydquist & Sundholm Company, which was then a partnership, composed of Carl A. Rydquist and Nils A. Sundholm. On May 16, 1913, after the making of the original contract, plaintiff, who was in the business of manufacturing stairs, entered into a subcontract in writing with said Rydquist & Sundholm Company, wherein he agreed to furnish and set up in said building fifteen flights of main stairs, according to certain plans and specifications, for the sum of $1,150. A few days after the signing of said subcontract, plaintiff informed Henry Stafford that he had made such contract, that he did not think said company was financially responsible and that he was not satisfied to go ahead with the contract. According to plaintiff's testimony Stafford replied: "I am going to superintend the job myself. You go ahead and do the work. *I* will take care of you. *I* will see that your money is paid." About June 1, 1913, according to the testimony of two sons of plaintiff, after the stairs were ready for delivery, Stafford called at plaintiff's place of business to inspect the stairs, and upon one of the sons expressing doubt as to the financial responsibility of said Rydquist & Sundholm Company, Stafford said: "Your money will be taken care of. *I* will *hold out* your money, and see that it is paid to you." Stafford denied that he ever told plaintiff or any of his representatives that he would personally guaranty plaintiff's account for the stairs or would "hold out" any money therefor. About July 24, 1913, after the stairs had been delivered at the building, one of plaintiff's sons called on Stafford and asked for a payment on account. According to the son's testimony, Stafford said that he should "get an order from the Rydquist & Sundholm Company," and

that the most he (Stafford) could pay at that time was $600. The witness procured such an order and the same was introduced in evidence. It is dated July 24, 1913, and is signed "Rydquist & Sundholm Co., *W*. A. Sundholm," and is addressed to "Stafford & Stamm." In the body of the order are the words: "Please pay to the order of Jos. Svenson the sum of $600 and charge to my account." Below the signature are the words: "Paid $600. J. A. Svenson, by Erick Svenson." After the work of setting up the stairs in the building had been fully completed, one of the sons of plaintiff again called on Stafford and asked for the balance due, $550, on plaintiff's work, and Stafford said that the work was satisfactory and suggested that said son call upon Stamm relative to Stamm and Stafford and their respective wives giving to plaintiff a note for said balance. Said son thereupon called upon Stamm and presented him with an order for $550 from Rydquist & Sundholm Company, and asked for payment. Some conversation was had regarding Stamm and Stafford and their wives giving plaintiff a note for said balance, and Stamm finally said that he would later advise plaintiff as to what they would do. No note was ever given plaintiff. Subsequently plaintiff served subcontractor's notices of a mechanic's lien, dated October 20, 1913, on Henry and May Stafford (whether served on the Stamms does not appear), claiming a lien on said premises and building for the material and labor for constructing said stairs, and that there was due plaintiff "on the 23rd day of August, 1913," the sum of $550 therefor. A certified copy of the records and proceedings in a certain garnishment suit in said Municipal Court, case No. 280,299, was introduced in evidence. It therein appeared that on April 20, 1914 (after the present suit was commenced), the Columbia Cabinet Company, an Illinois corporation, recovered a judgment in said court for $1,007 against "Nils A. Sundholm and Carl A. Rydquist, doing business as

Rydquist-Sundholm Company"; that a garnishee summons was issued for said Henry Stafford and George C. Stamm, and others; that on May 14, 1914, said Stafford and Stamm, as garnishees, filed a joint answer, verified by affidavit, in which they admitted having in their possession money, to the amount of $356.30, due and owing said Rydquist-Sundholm Company, for balance under a certain contract for the erection of a certain building, which amount was subject to the order of the court, and alleged that said money was claimed by "J. A. Svenson," and others (naming them), and asked that said adverse claimants appear, etc.; that subsequently plaintiff entered his appearance in said garnishment suit; and that on May 27, 1914 (before the judgment in the present suit was entered), the court adjudged that "judgment be entered on the finding as to the claim of the Columbia Cabinet Company, to the fund in the hands of the garnishees, and that the right thereto is in the Columbia Cabinet Company."

ADAMS, CREWS, BOBB & WESCOTT, for plaintiff in error.

M. M. JACOBS, for defendant in error.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

## Abstract of the Decision.

1. MECHANICS' LIENS, § 196—*when evidence insufficient to establish joint liability.* In an action to enforce a mechanic's lien for constructing stairs in a building, where the judgment was against three defendants jointly, evidence examined and *held* insufficient to prove a joint liability.

2. MUNICIPAL COURT OF CHICAGO, § 13*—*when statement of claim does not warrant joint judgment.* In an action by a subcontractor to enforce a mechanic's lien, where plaintiff's statement of claim does not show that he is seeking a judgment against the owners of

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the building and the original contractor jointly, such a judgment is erroneous under section 28 of the Mechanics' Liens Act (J. & A. ¶ 7166), providing that all suits and actions by subcontractors shall be brought against both contractor and owner jointly and no decree or judgment shall be entered until both are brought before the court by process.

3. MECHANICS' LIENS, § 202*—*when judgment for subcontractor erroneous.* In an action under Mechanics' Liens Act, section 28 (J. & A. ¶ 7166), by a subcontractor to enforce a mechanic's lien for building stairs in a building, a judgment not against all the owners and all the contractors is erroneous.